IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ASHLEY VECIANA, on behalf of herself
and all others similarly situated;  and as
Parent and Natural Guardian of M.V., a
minor, on behalf of herself and all others
similarly situated;

                 Plaintiff,         Case No: _____

v.

COMMUNITY HEALTH SYSTEMS, INC.,
a Delaware Corporation; COMMUNITY
HEALTH SYSTEMS PROFESSIONAL
SERVICES CORPORATION, a Delaware
corporation, BAYFRONT HMA
HEALTHCARE HOLDINGS, LLC a Florida
Limited Liability Company; and PASCO
REGIONAL MEDICAL CENTER d/b/a/
BAYFRONT HEALTH DADE CITY, a
Florida Corporation,

                Defendants.
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

COMES  NOW  Plaintiff Ashley Veciana, as Parent and Natural Guardian of M. V., a

minor, on behalf of herself and all others similarly situated, by and  through  their undersigned

attorneys, and  s u e s  Defendants Community Health Systems, Inc.; Community Health Systems

Professional  Services  Corporation;  Bayfront  HMA  Healthcare  Holdings,  LLC;  and,  Pasco

Regional Medical Center, LLC d/b/a/ Bayfront Health Dade City and alleges as follows:

## PARTIES

1.      Plaintiff Ashley Veciana, individually and as the representative of the Proposed Class, is a resident of Pasco County, Florida.

2.      Defendant Community Health Systems, Inc. (hereinafter "CHS") is a Delaware corporation with its principal place of business in Tennessee. CHS conducts business in the State of Florida and elsewhere. CHS is the parent company that owns and operates subsidiaries which in turn operate general acute care hospitals in numerous states. CHS is, or was at all relevant times, the parent company for the named hospital defendants.

3.      Defendant Community Health Systems Professional Services Corporation (hereinafter "CHSPSC") is a Delaware corporation with its principal place of business in Tennessee. Upon information and belief, CHSPSC does business in Florida and other states.

4.      Defendant Bayfront HMA Healthcare Holdings, LLC d/b/a Bayfront Health (hereinafter "Bayfront Health") is a Florida Limited Liability Company with its principal place of business in Naples, Collier County, Florida. Bayfront Health is, or was at all relevant times, a subsidiary of CHS that operates a network of seven hospitals in Florida, including Defendant Pasco Regional Medical Center, LLC d/b/a/ Bayfront Health Dade City.

5.      Defendant Pasco Regional Medical Center, LLC d/b/a/ Bayfront Health Dade City (hereinafter "BHDC") is a Florida Limited Liability Company with its principal place of business in Pasco County, Florida, and does business as a hospital. BHDC is, or was at all relevant times, a subsidiary of CHS that operates a hospital in Pasco County, Florida.

## JURISDICTION & VENUE

6.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and it is a class action brought by citizens of a State that is different from the State where at least one of the Defendants is incorporated or does business.

7.     Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391 because the Defendants do business throughout this district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district. At all times material hereto, Defendants were and are in the business of providing services through general acute care hospitals throughout Florida and the Middle District.

## FACTUAL BACKGROUND

8.     This is a class action lawsuit brought by Plaintiff, individually and on behalf of all other similarly situated persons ("Class Members"), whose personal information subject to protection under the Health Insurance Portability and Accountability Act ("HIPAA"), including, *inter alia*, names, social security numbers, dates of birth, addresses, employer information, and telephone numbers (hereinafter protected health information, or "PHI") was stolen and/or made accessible to unauthorized persons.

9.     The Defendants failed to implement basic security procedures and protocols necessary to protect Class Members' PHI and other information. As a direct result of Defendants' failure to exercise reasonable care in safeguarding Class Members information, Class Members

3

have suffered damages and will continue to suffer damages. Class Members are at an increased and continuous risk of having their identities stolen or credit damages by the misuse of others. Class Members will be required to expend time and funds to protect their identities and credit ratings from harm.

10.     Because Defendants failed to follow reasonable and customary security procedures, Plaintiff did not receive any value for the services they paid Defendants to provide. Plaintiff contracted for services that included a promise by Defendants to safeguard their personal information and, instead, Class Members received no such protection. Accordingly, Plaintiff allege claims for breach of contract, breach of implied contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, money had and received, negligence, negligence per se, wantonness, invasion of privacy, and violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 (hereinafter "FCRA").

## FACT COMMON TO ALL COUNTS

11.     Plaintiff and Class Members were patients of Defendants' hospitals and other health care providers.

12.     In the regular course of business, Defendants collect and maintain possession, custody, and control over Plaintiff and Class Member's PHI and other confidential information, including, but not limited to patient credit card, medical or clinical information and history, patient names, addresses, birthdates, telephone numbers and social security numbers.

13.     Defendants agreed that, as part of the services provided to Plaintiff, Defendants would protect Plaintiff and Class Member's PHI and other confidential information.

4

14.     Defendants' agreement to protect Plaintiff's Sensitive Information had a value separate and apart from the value of the services provided by Defendants that was considered a benefit of the bargain for which Plaintiff paid adequate consideration.

15.     Upon information and belief, a portion of the consideration paid by Plaintiff was accepted by Defendants and such proceeds were allocated to protecting and securing P H I and other confidential information in compliance with HIPAA. This allocation was made for the purpose of inducing Plaintiff and Class Members to purchase the services being offered by Defendants.

16.     Defendants stored Plaintiff and Class Member's PHI and other confidential information in an unprotected, unguarded, unsecured, and/or otherwise unreasonably protected electronic and/or physical location.

17.     Defendants did not adequately encrypt Plaintiff and Class Member's PHI and other confidential information.

18.     Defendants did not provide adequate security measures to protect Plaintiff and Class Member's PHI and other confidential information.

19.     In or around April 2014 and June 2014, an "Advanced Persistent Threat" group originating from China accessed, copied, and transferred Plaintiff's Sensitive Information from Defendants.

20.     CHS claims to have "confirmed that this data did not include patient credit card, medical or clinical information" but the data accessed, copied, and transferred did include Plaintiff's' information that is "considered protected under the Health Insurance Portability

and Accountability Act ("HIPAA") because it includes patient names, addresses, birthdates, telephone numbers and social security numbers."

21.     On or about August 18, 2014, CHS filed a Form 8-K with the United States Securities and Exchange Commission that provided the first notification of the data breach. This filing stated that the data breach "affected approximately 4.5 million individuals." This filing also states that those who are affected were provided services by CHS within the last five years.

22.     Defendants have taken no action to promptly notify its patients that were affected by the breach.

23.     Defendants' failure to notify its patients of this data breach in a reasonable time caused Plaintiff to remain ignorant of the breach and, therefore, Plaintiff was unable to take action to protect themselves from harm.

24.     Defendants designed and implemented their policies and procedures regarding the security of protected health information and Sensitive Information. These policies and procedures failed to adhere to reasonable and best industry practices in safeguarding protected health information and other Sensitive Information. Upon information and belief, Defendants failed to encrypt, or adequately encrypt, Plaintiff's Sensitive Information.

25.     By failing to fulfill their promise to protect Plaintiff's Sensitive Information, Defendants have deprived Plaintiff's of the benefit of the bargain. As a result, Defendants cannot equitably retain payment from Plaintiff—part of which was intended to pay for the

6

administrative costs of data security—because Defendants did not properly secure Plaintiff's information and data.

**ALLEGATIONS RELATING TO THE CLASS REPRESENTATIVE**

26.     In late 2013, Plaintiff Ashley Veciana took her minor son, Manuel Veciana, to the emergency department of BHDC for treatment. Mrs. Veciana provided personal and Sensitive Information to Defendants at the time her son was admitted. Because her son was a minor, the Sensitive Information related to both Mrs. Veciana and her son.

27.     As an essential part of the services provided, Defendants agreed to protect her personal and Sensitive Information.

28.     As an essential part of the services provided, Defendants agreed to protect Plaintiff's personal and Sensitive Information.

29.     As a result of the data breach, Plaintiff has suffered economic harm, including but not limited to: loss of payment to Defendants—part of which was intended to pay for the administrative costs of data security—because Defendants did not properly secure Plaintiff's personal and Sensitive Information, diminution in the value of services provided, and future expenses for credit monitoring.

**CLASS ALLEGATIONS**

30.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of themselves and a Class and subclasses defined as follows:

7

31.    The Class: Plaintiff bring this action on behalf of themselves and a Class of similarly situated individuals, defined as follows:

*All individuals in the United States that are current or former customers/patients of Defendants and whose Sensitive Information was wrongfully accessed, copied, and transferred in the months on or about April and June of 2014.*

32.    Plaintiff propose the following subclasses:

*All minor children who were patients of Defendants and whose Sensitive Information was wrongfully accessed, copied, and transferred in the months on or about April and June of 2014.*

33.    Excluded from the Classes are: (i) any judge presiding over this action and members of their families; (ii) Defendants, Defendants' subsidiaries, parents successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; persons who properly execute and file a timely request for exclusion from the Classes; and (iv) the legal representatives, successors, or assigns of any such excluded persons, as well as any individual who contributed to the unauthorized access of the data stored by Defendants.

34.    Numerosity: Members of the Classes are so numerous that their individual joinder herein is impracticable. Although the exact number of Class members and their addresses are

8

unknown to Plaintiff, they are readily ascertainable from Defendants' records. Upon information and belief, there are at least 4.5 million class members. Class members may be notified of the pendency of this action by mail and/or electronic mail, and supplemented (if deemed necessary or appropriate by the Court) by published notice.

35.     Typicality:  Plaintiff's claims are typical of the Classes because Plaintiff and the Classes sustained damages as a result of Defendants' uniform wrongful conduct during transactions with Plaintiff and Class Members.

36.     Adequacy:  Plaintiff is an adequate representative of the Classes because her interests do not conflict with the interests of the members of the Classes she seeks to represent. Plaintiff has retained counsel competent and experienced in class action litigation, and Plaintiff intends to prosecute this action vigorously. The interest of members of the Classes will be treated fairly and adequately protected by Plaintiff and their counsel.

37.     Predominance and Superiority: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Classes is impracticable. The damages suffered by the individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' wrongful conduct. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendants' misconduct.  Even if members of the Classes could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the

9

complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

38.     Commonality: Common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting only individual members, and include, but are not limited to:

i.      Whether Defendants were negligent in collecting, storing, and protecting Plaintiff's and the Class Members' Sensitive Information;

ii.     Whether Defendants were wanton in collecting, storing, and protecting Plaintiff's and the Class Members' Sensitive Information;

iii.    Whether Defendants took reasonable steps and measures to safeguard Plaintiff's and Class Members' Sensitive Information;

iv.     Whether Defendants breached their duty to exercise reasonable care in handling Plaintiff's and Class Members' Sensitive Information by storing that information in the manner alleged herein;

v.      Whether Defendants notified Plaintiff and the Classes of the data breach within a reasonable amount of time;

vi.     Whether implied or express contracts existed between Defendants, on the one hand, and Plaintiff and the Class Members on the other;

10

vii.      Whether Plaintiff and the Classes are at an increased risk of identity theft or other malfeasance as a result of Defendants' failure to protect their Sensitive Information;

viii.     Whether Defendants stored Sensitive Information in reasonable manner under industry standards;

ix.       Whether protecting Plaintiff's Sensitive Information was a service provided by Defendants;

x.        Whether Defendants have unlawfully retained payment from Plaintiff and Class Members because of Defendants' failure to fulfill its agreement to protect Plaintiff's Sensitive Information;

xi.       Whether and to what extent Plaintiff and the Classes have sustained damages;

xii.      Whether Defendants were unjustly enriched; and,

xiii.     Whether Defendants violated the FCRA.

39.      Plaintiff reserves the right to revise Class definitions and questions based upon facts learned in discovery.

## COUNT I

### **UNJUST ENRICHMENT**

40.      Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

41.      Defendants received payment from Plaintiff to perform services that included protecting Plaintiff's Sensitive Information.

11

42.     Defendants failed to protect Plaintiff's Sensitive information, but retained Plaintiff's payments.

43.     Defendants have knowledge of said benefit.

44.     Defendants have been unjustly enriched and it would be inequitable for Defendants to retain Plaintiff's payments.

45.     As a result, Plaintiff has been proximately harmed and/or injured.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

## COUNT II

### MONEY HAD AND RECEIVED

46.     Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

47.     Defendants have received payment from Plaintiff to perform services that included protecting Plaintiff's Sensitive Information.

48.     Defendants did not protect Plaintiff's Sensitive information, but retained Plaintiff's payments.

49.     The law creates an implied promise by Defendants to pay it to Plaintiff.

50.     Defendants have breached said implied promise.

12

51.     Defendants breach has proximately caused Plaintiff to suffer harm and damages.

WHEREFORE, Plaintiff demand judgment against Defendants jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

**COUNT III**

**<u>BREACH OF CONTRACT (express and implied)</u>**

52.     Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

53.     Plaintiff paid money to Defendants in exchange for hospital services, which included promises to protect Plaintiff's health information and Sensitive Information.

54.     In its written services contract, Defendants promised Plaintiff that Defendants only disclose health information when required to do so by federal or state law. Defendant further promised that it would protect Plaintiff's Sensitive Information.

55.     Defendants promised to comply with all HIPAA standards and to make sure that Plaintiff's health information and Sensitive Information was protected.

56.     Defendants' promises to comply with all HIPAA standards and to make sure that Plaintiff's health information and Sensitive Information was protected created an implied contract.

57.     To the extent that it was not expressed, an implied contract was created whereby Defendants' promised to safeguard Plaintiff's health information and Sensitive Information from being accessed, copied, and transferred by third parties.

58.     Under the implied contract, Defendants were further obligated to provide Plaintiff with prompt and sufficient notice of any and all unauthorized access and/or theft of her Sensitive Information.

59.     Defendants did not safeguard Plaintiff's health information and Sensitive Information and, therefore, breached its contract with Plaintiff.

60.     Defendants allowed third parties to access, copy, and transfer Plaintiff's health information and Sensitive Information and, therefore, breached its contract with Plaintiff.

61.     Furthermore, Defendants' failure to satisfy their confidentiality and privacy obligations resulted in Defendants providing services to Plaintiff that were of a diminished value.

62.     As a result, Plaintiff has been harmed and/or injured.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

14

## COUNT IV

## NEGLIGENCE

63.     Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

64.     Defendants requested and came into possession of Plaintiff's Sensitive Information and had a duty to exercise reasonable care in safeguarding and protecting such information from being accessed. Defendants' duty arose from the industry standards discussed above and its relationship with Plaintiff.

65.     Defendants had a duty to have procedures in place to detect and prevent the improper access and misuse of Plaintiff's Sensitive Information. The breach of security, unauthorized access, and resulting injury to Plaintiff and the Class and Subclasses were reasonably foreseeable, particularly in light of Defendants' inadequate data security system and failure to adequately encrypt the data.

66.     Defendants, through their actions and/or omissions, unlawfully breached their duty to Plaintiff by failing to implement industry protocols and exercise reasonable care in protecting and safeguarding Plaintiff's Sensitive Information within Defendants' control.

67.     Defendants, through their actions and/or omissions, breached their duty to Plaintiff by failing to have procedures in place to detect and prevent access to Plaintiff's Sensitive Information by unauthorized persons.

68.     But for Defendants' breach of its duties, Plaintiff's Sensitive Information would not have been compromised.

69.     Plaintiff's Sensitive Information was stolen and accessed as the proximate result of Defendants failing to exercise reasonable care in safeguarding such information by adopting, implementing, and maintaining appropriate security measures and encryption.

70.     As a result, Plaintiff has been harmed and/or injured.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

## COUNT V

### WANTONNESS

71.     Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

72.     Defendants knew, were substantially aware, should have known, or acted in reckless disregard that Plaintiff would be harmed if Defendants did not safeguard and protect Plaintiff's Sensitive Information.

73.     Defendants requested and came into possession of Plaintiff's Sensitive Information and had a duty to exercise reasonable care in safeguarding and protecting such information from being accessed. Defendants' duty arose from the industry standards discussed above and its relationship with Plaintiff.

16

74.    Defendants had a duty to have procedures in place to detect and prevent the improper access and misuse of Plaintiff's Sensitive Information. The breach of security, unauthorized access, and resulting injury to Plaintiff's and the Class and Subclasses were reasonably foreseeable, particularly in light of Defendants' inadequate data security system and failure to adequately encrypt the data.

75.    Defendants, through their actions and/or omissions, unlawfully breached their duty to Plaintiff by failing to implement industry protocols and exercise reasonable care in protecting and safeguarding Plaintiff's Sensitive Information within Defendants' control.

76.    Defendants, through their actions and/or omissions, breached their duty to Plaintiff by failing to have procedures in place to detect and prevent access to Plaintiff's Sensitive Information by unauthorized persons.

77.    But for Defendants' breach of its duties, Plaintiff's Sensitive Information would not have been compromised.

78.    Plaintiff's Sensitive Information was stolen and accessed as the proximate result of Defendants failing to exercise reasonable care in safeguarding such information by adopting, implementing, and maintaining appropriate security measures and encryption.

79.    As a result, Plaintiff has been harmed and/or injured.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

## COUNT VI

## **NEGLIGENCE PER SE**

80.     Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

81.     Defendants' violation of HIPAA resulted in an injury to Plaintiff.

82.     Plaintiff falls within the class of persons HIPAA was intended to protect.

83.     The harms Defendant caused to Plaintiff are injuries that result from the type of behavior that HIPAA was intended to protect.

84.     As a result, Plaintiff has been harmed and/or injured.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

## COUNT VII

## **BREACH OF COVENANT OF GOOD FAITH & FAIR DEALING**

85.     Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

86.     Under Florida law, every contract entered into within the State of Florida contains an implied covenant of good faith and fair dealing that prohibits a contracting party

18

from intentionally depriving the other contracting party of the fruits of the contract (the "Covenant").

87.     Through the conduct stated in this Complaint, Defendants have breached the Covenant.

88.     Defendants' acts and omissions deprived Plaintiff from receiving the fruits of the agreement.

89.     Defendants' breach of the Covenant completely and proximately caused Plaintiff to suffer harm and damages.

WHEREFORE, Plaintiff demand judgment against Defendants jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

## COUNT VIII

## **WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**

90.     Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

91.     The Fair Credit Reporting Act ("FCRA") requires consumer reporting agencies to adopt and maintain procedures for meeting the needs of commerce for consumer credit, personnel, insurance and other information in a manner fair and equitable to consumers while maintaining the confidentiality, accuracy, relevancy and proper utilization of such information. 15 U.S.C. § 1681(b).

19

92.    The FCRA  specifically  protects  medical  information, restricting  its dissemination to limited instances. *See, e.g.*, 15 U.S.C. §§ 1681a(d)(3); 1681b(g); 1681c(a)(6).

93.    Defendants are a Consumer Reporting Agency as defined under the FCRA because on a cooperative nonprofit basis and/or for monetary fees, Defendants regularly engage, in whole or in part, in the practice of assembling information on consumers for the purpose of furnishing Consumer Reports to third parties and/or uses interstate commerce for the purpose of preparing and/or furnishing Consumer Reports.

94.    As a Consumer Reporting Agency, Defendants were (and continue to be) required to adopt and maintain procedures designed to protect and limit the dissemination of consumer credit, personnel, insurance and other information (such as Plaintiff's and Class Members' Sensitive Information) in a manner fair and equitable to consumers while maintaining the confidentiality, accuracy, relevancy and proper utilization of such information. Defendants, however, violated the FCRA by failing to adopt and maintain such protective procedures which, in turn, directly and/or proximately resulted in the theft of Plaintiff's information and its wrongful dissemination into the public domain.

95.    Plaintiff's Sensitive Information, in whole or in part, constitutes medical information as defined by the FCRA. Defendants violated the FCRA by failing to specifically protect and limit the dissemination of Plaintiff's Sensitive Information into the public domain.

96.    As a direct and/or proximate result of Defendants' willful and/or reckless violations of FCRA, as described above, Plaintiff's Sensitive Information was stolen and/or made accessible to unauthorized third parties in the public domain.

97.    As a direct and/or proximate result of Defendants' willful and/or reckless violations of FCRA, as described above, Plaintiff was (and continues to be) damaged in the form of, without limitation, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, loss of privacy and other economic and non-economic harm.

98.    Plaintiff and Class Members, therefore, are entitled to compensation for their actual damages including, inter alia, (i) out-of-pocket expenses incurred to mitigate the increased risk of identity theft and/or identity fraud pressed upon them by the Data Breach; (ii) the value of their time spent mitigating identity theft and/or identity fraud and/or the increased risk of identity theft and/or identity fraud; (iii) deprivation of the value of their Sensitive Information, for which there is a well-established national and international market; and, (iv) statutory damages of not less than $100, and not more than $1000, each, as well as attorneys' fees, litigation expenses and costs, pursuant to 15 U.S.C. §1681n(a).

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

## COUNT IX

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT

99.    Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

100.    In the alternative, and as described above, Defendants negligently violated FCRA by failing to adopt and maintain procedures designed to protect and limit the dissemination of Plaintiff's Sensitive Information for the permissible purposes outlined by FCRA which, in turn, directly and/or proximately resulted in the theft and dissemination of Plaintiff's Sensitive Information into the public domain.

101.    It was reasonably foreseeable that Defendants' failure to implement and maintain procedures to protect and secure Plaintiff's Sensitive Information would result in an unauthorized third party gaining access to Plaintiff's Sensitive Information for no permissible purpose under FCRA.

102.    As a direct and/or proximate result of Defendants' negligent violations of FCRA, as described above, Plaintiff's Sensitive Information was stolen and/or made accessible to unauthorized third parties in the public domain.

103.    As a direct and/or proximate result of Defendants' negligent violations of FCRA, as described above, Plaintiff was (and continues to be) damaged in the form of, without limitation, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, loss of privacy and other economic and non-economic harm.

104.    Plaintiff and Class Members are entitled to compensation for their actual damages including, inter alia, (i) out-of-pocket expenses incurred to mitigate the increased risk of identity theft and/or identity fraud pressed upon them by the Data Breach; (ii) the value of their time spent mitigating identity theft and/or identity fraud and/or the increased risk of identity theft and/or identity fraud; (iii) deprivation of the value of their Sensitive

22

Information, for which there is a well-established national and international market; and, (iv) statutory damages of not less than $100, and not more than $1000, each, as well as attorneys' fees, litigation expenses and costs, pursuant to 15 U.S.C. §1681n(a).

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees.

## COUNT X

### INVASION OF PRIVACY

105.    Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

106.    Defendants' misconduct, as described herein, and failure to encrypt, protect, or otherwise keep Plaintiff's Sensitive Information confidential constituted an invasion of Plaintiff's privacy.

107.    Said Sensitive Information and medical health information is not a matter of public concern.

108.    Defendants' misconduct resulted in an unreasonable intrusion into the private life and matters of Plaintiff.

109.    Defendants' failures and misconduct constituted a public disclosure of private facts, the nature of which a reasonable person of ordinary sensibilities would find objectionable and offensive.

23

110.    As a direct result of Defendants' failures and misconduct, Plaintiff's Sensitive Information and confidential medical health information was disclosed to the public.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff for the above described damages and injuries, together with interest from the date of the incident and the costs of the proceeding.

## RELIEF REQUESTED

111.    Plaintiff requests that the Court certify this case as a class action on behalf of the Class and Subclasses as defined above, and appoint named Plaintiff as class representatives and undersigned counsel as lead counsel.

112.    Plaintiff requests that the Court find that Defendants are liable under all legal claims asserted herein for their failure to safeguard Plaintiff's and Class members' Sensitive Information.

113.    Plaintiff requests that the Court award injunctive and other equitable relief as is necessary to protect the interests of the Classes, including: (i) an order prohibiting Defendants from engaging in the wrongful and unlawful acts described herein, and (ii) requiring Defendants to protect all data collected through the course of its business in accordance with HIPAA and industry standards, (iii) consumer credit protection and monitoring services for Plaintiff; and (iv) consumer credit insurance to provide coverage for unauthorized use of Plaintiff's personal information, medical information, and financial information.

24

114.    Plaintiff requests that the Court award damages, including statutory damages where applicable and punitive damages, to Plaintiff and the Classes in an amount to be determined at trial.

115.    Plaintiff requests that the Court award restitution for any identity theft, including, but not limited to payment of any other costs, including attorneys' fees incurred by the victim in clearing the victim's credit history or credit rating, or any costs incurred in connection with any civil or administrative proceeding to satisfy any debt, lien, or other obligation of the victim arising as the result of Defendants' actions.

116.    Plaintiff requests that the Court award restitution in an amount to be determined by an accounting of the difference between the price Plaintiff and the Classes paid in reliance upon Defendants' duty/promise to secure its members' Sensitive Information, and the actual services—devoid of proper protection mechanisms—rendered by Defendants.

117.    Plaintiff requests that the Court award Plaintiff and the Classes their reasonable litigation expenses and attorneys' fees.

118.    Plaintiff requests that the Court award Plaintiff and the Classes pre and post-judgment interest to the maximum extent allowable by law.

119.    Plaintiff requests that the Court award such other and further legal or equitable relief as equity and justice may require.

## JURY DEMAND

Plaintiff demands a jury trial on all issues in this action.

Respectfully submitted,

**DOGALI LAW GROUP, P.A.**

Andy Dogali
Fla. Bar No.: 615862
Geoffrey Edward Parmer
Fla. Bar No.: 989258
101 East Kennedy Blvd., Suite 1100
Tampa, FL 33602
Telephone: (813) 289-0700
Facsimile: (813) 289-9435
Primary Email: adogali@dogalilaw.com
Secondary Email: cnicoletti@dogalilaw.com;
reception@dogalilaw.com
*Trial Counsel for Plaintiff*

26