# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

|  |  |
|---|---|
| IN RE: COMMUNITY HEALTH SYSTEMS, INC. CUSTOMER SECURITY DATA BREACH LITIGATION (MDL 2595)<br><br>AND<br><br>ASHLEY VECIANA, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED; AND AS PARENT AND NATURAL GUARDIAN OF M.V., A MINOR,<br><br>PLAINTIFF<br>v.<br><br>COMMUNITY HEALTH SYS., INC., ET. AL. | MASTER FILE NO. 15-CV-222-KOB<br><br><br><br><br><br><br><br>CASE NO.:<br>2:15-CV-279-KOB<br><br><br><br><br><br><br>THIS DOCUMENT RELATES ONLY TO Case No. 15-CV-279-KOB |

## ORDER

This matter is before the court on Plaintiff Ashley Veciana's "Notice of Voluntary Dismissal," (doc. 15) filed in one of the cases consolidated in this MDL, *Veciana v. Community Health Sys., Inc,* Case No., 2:15-CV-279-KOB.

The court first notes that the attempt to dismiss this case unilaterally pursuant to Rule 41(a)(1)(A)(i) is not well taken.  The *Veciana* case has been transferred to this court and consolidated into MDL 2595.  While, as Plaintiffs note, no Answer has yet been filed in 15-279, a court order stayed the underlying cases and provided that no pleadings shall be filed in them. (CMO No. 1, doc. 3, at 4 in 15-222; and doc. 14, at 4 in 15-279).  Further, the court has ruled that, for the purposes of pretrial proceedings, the unified/Master Complaint shall be the operative complaint and shall supersede all other complaints.  (Doc. 14, at 6 in 15-222).  Although the Defendants have not filed an Answer in 15-279, and indeed, could not do so during the stay, proceedings in the MDL consolidated action, including Ms. Veciana's claims, have proceeded well past the initial stages and have encompassed dispositive motions, hearings, and extensive briefing.   Allowing a Plaintiff to unilaterally dismiss claims without court involvement could vitiate all of that progress and undermine the MDL process.  *See, e.g., In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010,* 2011 WL 1464908, *4-5 (E.D. La. Apr. 15, 2011); *In re Zicam Cold Remedy Marketing Sales Practices & Prod. Liab. Litig.,* 2010 WL 3402490, at *2 (D. Ariz. Aug. 26, 2010) (explaining that Rule 41(a)(1)(A) is subject to 42 U.S.C. § 1407 and applying that rule in the MDL process could jeopardize that process by the unilateral action of the parties).

To protect the integrity of the MDL process, the court FINDS that any request for dismissal of any underlying suit SHALL be brought pursuant to Rule 41(a)(2) and accomplished by court order.  Accordingly, the court STRIKES the "Notice of Voluntary Dismissal" as inappropriate and DIRECTS the Plaintiffs to file any request for voluntary dismissal pursuant to Rule 41(a)(2).

That said, the court welcomes the admirable goal of cleaning up and streamlining the MDL by dismissal of duplicate claims asserted by the same Plaintiffs in more than one underlying suit.  However, the Plaintiffs in this case must accomplish that goal by motion pursuant to Rule 41(a)(2), not by Notice or Stipulation pursuant to Rule 41(a)(1).

The second thing that gives the court pause is the fact that Ms. Veciana's "Notice" does not refer to the claims on behalf of her minor son.  The *Veciana* Complaint states that Ashley Veciana brings claims not only on behalf of herself and all others similarly situated but also brings claims as "Parent and Natural Guardian of M.V., a minor."  (Doc. 1 in 15-279).  Her "notice" failed to advise the court that the effect of dismissing the lawsuit would be the dismissal not only of her own claims but also claims she brought on behalf of her minor son, and the heading on the "notice" listing the Plaintiff omits the phrase "and as Parent and Natural Guardian of M.V., a minor" contained in the heading of her Complaint.  The court recognizes that Ashley Veciana remains a Plaintiff in *McNutt v. Community Health Sys., Inc.,* Case No. 2:16-CV-602-KOB (*McNutt II*), originally filed in Tennessee in March of 2016 and subsequently transferred to this court and consolidated in this MDL.  However, the paragraph regarding Ashley Veciana in *McNutt II* does *not* state that the data breach involved her son's confidential information and does *not* state that Ms. Veciana is bringing claims on his behalf as parent and guardian.  Accordingly, if the court dismisses the *Veciana* case, it will be dismissing claims brought on behalf of minor M.V. that are not currently encompassed elsewhere in the MDL.

If Ms. Veciana does wish to proceed with dismissal of the claims of the *Veciana* suit, 15-CV-279, she should file a *motion* not only requesting that dismissal  but also specifically advising the court whether she is requesting dismissal of claims that she brought on behalf of

3

M.V., a minor. If she does wish for the minor's claims to be dismissed, she shall provide the court with authority supporting the dismissal of such claims based on the bare motion of the parent or guardian without information about why dismissal is in the best interests of the child, and without a hearing to address the best interests of the child.

    DONE and ORDERED this 21st day of June, 2016.

                                        _____
                                        KARON OWEN BOWDRE
                                        CHIEF UNITED STATES DISTRICT JUDGE